Mr. Justice Van Orsdel
delivered the opinion of the Court:
This is a trademark opposition. Appellee company, the Standard Soap Company, sought to register a trademark to be used on toilet soap; consisting of the word “Mammoth,” associated with a picture of the head and shoulders of the prehistoric animal, the mammoth. Appellant company, the Summit City Soap Works, in its notice of opposition, describes its mark as “the picture of two elephants in the attitude of a mother washing her child. This was commonly used in connection with the inscription, ‘Rub-No-More Soap.’ ”
The material allegations as to the identity of the marks are stated in the notice of opposition as follows:
“J. That the alleged trademark to which the above-mentioned application relates has such a near resemblance to the opponent’s trademark, as to be certain to be mistaken therefor by the public, and cause the applicant’s goods to be substituted as and for the opponent’s goods, to the damage of the opponent and the deception of the public.
“8. That the picture is the most prominent feature of both marks, and, in general appearance, the animals illustrated in the two pictures are substantially identical, and both marks ar.e appropriated to goods of the same descriptive properties. If the applicant is allowed to register or use the said alleged trademark, the trade and the public will be deceived, and the opponent injured.”
Appellee, the applicant, contends that its mark is not so sim *606 ilar to appellant’s mark, though, concededly used upon the same class of merchandise, as to be likely to create confusion in trade. Appellant’s mark was registered February 6, 1900. The appellee took no testimony, and established no date, of adoption and use. The whole case turns, therefore, upon the similarity of the marks, and the probability of their concurrent, use creating confusion in trade.
The Examiner of Interferences sustained the opposition, and refused the registration of appellee’s mark. This ruling was. reversed by the Commissioner of Patents, from whose decision this appeal was taken.
The Commissioner turned the case upon the recent decision of this court in Nestle & A. Condensed Milk Co. v. Walter Baker & Co. 37 App. D. C. 148. In that case the marks were used on cocoa, chocolate, broma, and cocoa preparations. The mark of the appellant consisted of the picture of a milkmaid in Swiss costume, carrying a milk pail in her right hand and another on her head, with the words “Milkmaid Brand;” while the mark of appellee consisted of the picture of a waitress in Puritan or Quaker costume, carrying a tray supporting cups.
It was there held that the words “Milkmaid Brand,” used in connection with the picture, was a distinguishing feature of the mark. Here the word “Mammoth” and the words “Hub-No-More Soap,” appearing as parts of the respective marks, may be held to be distinguishing features. Their tendency, we think, is not to attach to the products bearing these marks the tradename “Elephant Brand.” The word “Mammoth” instantly attracts attention to the distinction plainly apparent between the pictures, which are the dominating features of the marks. The slight tendency there would be to confusion from the similarity of the pictures is removed by the suggestion on the label itself of the distinction, which in fact plainly exists. The inclusion of the name of the animal illustrated on appellee’s mark so distinguishes it from appellant’s mark as to remove the probability of confusion.
This court has adopted a strict rule in refusing registration in all cases where the apparent similarity would probably lead *607 to confusion in trade, holding that the field of selection for marks is so broad that no necessity exists for the invasion of one trader upon even the apparent rights of another, and that the broadest protection will be afforded the purchasing, consuming public by the courts. In this case, however, there is-no such similarity as would impel us to hold that the mark sought to be registered by appellee invades the rights of appellant, or tends to create confusion in trade.
The decision of the Commissioner of Patents is affirmed, and. the clerk is directed to certify these proceedings as by law required. Affirmed.